◼ ROSALIND INNUCCI et al., Respondents, v ELIZABETH C.
BAUERSACHS, as Administratrix of the Estate of RUDOLPH J.
BAUERSACHS, Deceased, Appellant. [607 NYS2d 130] —In an ac-
tion to recover damages for medical malpractice, etc., the
defendant appeals from a judgment of the Supreme Court,
Kings County (Monteleone, J.), entered April 1, 1991, which,
upon a jury verdict, is in favor of the plaintiffs and against
her in the principal sum of $275,000.

Ordered that the judgment is reversed, on the law, with
costs, and the complaint is dismissed.

The plaintiff Rosalind Innucci, a college administrator, and
her husband, a staff manager for the Prudential Insurance
Company, commenced this action to recover damages for the
defendant's alleged malpractice in performing a hysterectomy
on Mrs. Innucci. The plaintiffs also sought damages for lack of
informed consent. The jury found that, although the defen-
dant had not departed from good and accepted medical prac-
tices in performing the surgery, the plaintiffs had established
their cause of action to recover damages for lack of informed
consent.

We agree with the appellant that the verdict against her on
the lack-of-informed-consent cause of action is not based upon
legally sufficient evidence. Accordingly, we dismiss the com-
plaint *(see, Cohen v Hallmark Cards,* 45 NY2d 493).

The plaintiffs' cause of action to recover damages for lack of
informed consent is governed by Public Health Law § 2805-d.
In order to recover under that section, a plaintiff must estab-
lish (1) that the medical practitioner failed to disclose to him
or her the reasonably foreseeable risks, benefits, and alterna-
tives to the surgery which would have been disclosed by a
reasonable medical practitioner in similar circumstances (Pub-
lic Health Law § 2805-d [1]), and (2) "that a reasonably pru-
dent person in the patient's position would not have under-
gone the treatment or diagnosis if he [or she] had been fully
informed and that the lack of informed consent is a proximate
cause of the injury or condition for which recovery is sought"
(Public Health Law § 2805-d [3]).

Here, the plaintiffs failed to present evidence establishing
that an informed, reasonably prudent person would not have
consented to the procedure *(see, e.g., Hylick v Halweil,* 112

AD2d 400; *see also, Goodreau v State of New York,* 129 AD2d 978). Thompson, J. P., Rosenblatt, Altman and Hart, JJ., concur.