(August 11, 1997)

■ SYLVIA DOMARADZKI, Respondent, v GLEN COVE OB/GYN ASSOCIATES, Appellant. [660 NYS2d 739] —In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Dunne, J.), dated July 30, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

To oppose a motion for summary judgment dismissing a cause of action sounding in medical malpractice, a plaintiff must submit a physician's affidavit of merit attesting to a departure from accepted practice and containing the attesting doctor's opinion that the defendant's omissions or departures were a competent producing cause of the injury *(see, Cerkvenik v County of Westchester,* 200 AD2d 703; *Caggiano v Ross,* 130 AD2d 538; *Amsler v Verrilli,* 119 AD2d 786). Although the affidavit of the plaintiff's medical expert attested to a departure, it was devoid of any expression or opinion that the alleged departure was a competent producing cause of any injury or damage to the plaintiff. Accordingly, the cause of action alleging medical malpractice must be dismissed since the defendant met its initial burden of making out a prima facie case for summary judgment.

The plaintiff concedes that the remaining cause of action must be dismissed because it alleges lack of informed consent for a procedure that the defendant neither ordered nor performed *(see, Shkolnik v Hospital for Joint Diseases Orthopaedic Inst.,* 211 AD2d 347; *Spinosa v Weinstein,* 168 AD2d 32, 38). Bracken, J. P., Copertino, Altman and Florio, JJ., concur.