■ LORETTA TAYLOR et al., Respondents, v NYACK HOSPITAL et al., Defendants, and BERTRAM DROGA, Appellant. [795 NYS2d 317]—

In an action to recover damages for medical malpractice, the

defendant Bertram Droga, appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated December 11, 2003, as denied those branches of his motion which were for summary judgment dismissing the first and third causes of action in the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action was commenced against, among others, Bertram Droga, in which it was alleged that Dr. Droga improperly performed a hysterectomy on the plaintiff Loretta Taylor (hereinafter the plaintiff) to treat a prolapsed bladder, which ultimately caused various complications, including a prolapsed fallopian tube. The Supreme Court dismissed the cause of action based on lack of informed consent, but denied those branches of Dr. Droga's motion which were for summary judgment dismissing the malpractice and derivative causes of action. We affirm the order insofar as appealed from.

In a medical malpractice action, the party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by showing the absence of a triable issue of fact as to whether the defendant physician was negligent (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). A plaintiff cannot rebut a defendant's showing that he was not negligent by offering expert testimony that makes "[g]eneral allegations of medical malpractice, merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of the claim" (*Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358, 359 [1998]). The two essential elements of a medical malpractice claim are "(1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage" (*Amsler v Verrilli,* 119 AD2d 786 [1986]).

Dr. Droga established his prima facie entitlement to summary judgment based on the plaintiff's medical records and an expert's affidavit, which concluded that his treatment of the plaintiff did not deviate from accepted medical practice. However, the expert affidavit submitted by the plaintiff demonstrated the existence of triable issues of fact as to, inter alia, whether the hysterectomy was an unnecessary procedure, whether Dr. Droga performed the hysterectomy in accordance with accepted practice, and whether the plaintiff's injuries were caused by the allegedly improperly-performed hysterectomy (*see Dunlop v Sivaraman,* 272 AD2d 570 [2000]). Contrary to Dr. Droga's contention, the affidavit by the plaintiff's expert was

supported by references to evidence in the medical records. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.