■ GERARD FUREY, Appellant, v HOWARD J. KRAFT et al., Defendants, and NORTH SHORE UNIVERSITY HOSPITAL, Respondent. [812 NYS2d 590]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), entered October 18, 2004, which granted the motion of the defendant North Shore University Hospital for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On June 10, 1995, Fabia Furey, who was approximately six months pregnant, experienced staining and cramping. The defendant Howard J. Kraft, her personal obstetrician, instructed her to meet him at the defendant North Shore University Hospital (hereinafter the hospital) for treatment of her suspected pre-term labor. Mrs. Furey arrived at the hospital at 5:30 P.M. Treatment was undertaken in an attempt to arrest her labor and avoid the premature birth of her baby. However, by approximately 6:25 P.M., Mrs. Furey's labor had progressed to the point where Dr. Kraft decided to discontinue attempts to stop her labor and instead deliver the baby. At 7:12 P.M., the plaintiff, Gerard Furey, was born. This action was subsequently commenced to recover damages for medical malpractice, lack of informed consent, and negligent hiring or retention. The plaintiff's bill of particulars alleges, inter alia, that the hospital departed from accepted standards of medical care for treating premature labor by failing to timely establish intravenous (hereinafter IV) access and begin IV hydration upon Mrs. Furey's arrival at the hospital, and by failing to timely secure and prepare the administration of appropriate tocolytic agents, i.e., medications used to arrest uterine contractions and prevent or delay a pre-term birth, in this case magnesium sulfate, all of which contributed to the plaintiff's premature birth and concomitant injuries. After joinder of issue, the hospital successfully moved for summary judgment and this appeal ensued.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted medical practice

and evidence that such departure was a proximate cause of injury or damage (see *Anderson v Lamaute*, 306 AD2d 232, 233 [2003]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]). The hospital met its prima facie burden of demonstrating entitlement to judgment as a matter of law through the affidavit of its medical expert, who opined that the hospital staff properly provided care and treatment to the plaintiff's mother and appropriately followed the orders and plan of treatment of Dr. Kraft regarding the timing, accessing, and placing of an IV line for hydration and in the timely administration of magnesium sulfate (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Fritz v Southside Hosp.*, 182 AD2d 671 [1992]). Specifically as to the administration of magnesium sulfate, the hospital's expert obstetrician concluded after reviewing the medical record and deposition transcripts that "even if a tocolytic agent, including magnesium sulfate, had been administered to [Mrs. Furey] when she initially presented to the Labor and Delivery floor at or about 5:30 p.m., the tocolytic agent would not have prevented the . . . pre-term labor because due to the rapid progression of [Mrs. Furey's] labor, delivery at this time was inevitable."

The Supreme Court properly granted the hospital's motion for summary judgment as the affidavit of the plaintiff's expert submitted in opposition to the motion failed to raise a triable issue of fact regarding the applicable standard of care, departures therefrom, and whether such departures proximately caused the plaintiff's injuries. The bare, conclusory allegations of the affidavit of the plaintiff's expert, unsupported by the record and lacking foundation, were insufficient to raise a triable issue of fact (see *Romano v Stanley*, 90 NY2d 444 [1997]; *Ramirez v Columbia-Presbyterian Med. Ctr.*, 16 AD3d 238, 239 [2005]; *Nangano v Mount Sinai Hosp.*, 305 AD2d 473, 474 [2003]). Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.