■ Keiko Wicksman, Respondent, v Nassau County Health Care Corporation et al., Appellants. [811 NYS2d 778]—

In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Dunne, J.), dated May 17, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage (*see Anderson v Lamaute,* 306 AD2d 232, 233 [2003]; *DiMitri v Monsouri,* 302 AD2d 420, 421 [2003]; *Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358, 359 [1998]). The defendant made a prima facie showing of entitlement to summary judgment dismissing the action, inter alia, to recover damages for medical malpractice, based upon the medical records of the decedent, Stuart Wicksman, the deposition testimony of the plaintiff, the plaintiff's daughter, and the defendants' employee, Dr. Ali S. Karakurum. Moreover, the affidavit of the defendants' medical expert established that the defendants did not deviate from good and accepted medical practice in the care and treatment of the plaintiff's decedent at the defendants' "Doctors After Hours Clinic" on September 3, 2000 (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Holbrook v United Hosp. Med. Ctr.,*

*supra*). In opposition, the affidavits of the plaintiff's medical experts were insufficient to raise a triable issue of fact as to whether the defendants breached any duty of care owed to the plaintiff's decedent (*see Holbrook v United Hosp. Med. Ctr., supra*). General allegations of medical malpractice, merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of the claim, are insufficient to defeat the defendants' entitlement to summary judgment (*see Alvarez v Prospect Hosp., supra* at 325). The allegations of the plaintiff's experts were either conclusory, unsubstantiated, or refuted by the evidence. Further, assuming that the defendants departed from accepted medical practice, there is no evidence that any such departure was the proximate cause of the plaintiff's decedent's death. The affidavits of the plaintiff's medical experts were silent on the essential issue of proximate cause (*see DiMitri v Monsouri, supra; Fritz v Southside Hosp.,* 182 AD2d 671 [1992]; *Amsler v Verrilli,* 119 AD2d 786 [1986]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Miller, J.P., Adams, Santucci and Fisher, JJ., concur.