■ Eric Thompson, Jr., et al., Respondents, v Shahnaz Orner et al., Appellants, et al., Defendants. [828 NYS2d 509]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendants Huntington Hospital, Shahnaz Orner, and Marie J. Brignol appeal from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 19, 2005, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Huntington Hospital, Shahnaz Orner, and Marie J. Brignol are granted.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or

damage" (*Anderson v Lamaute*, 306 AD2d 232, 233 [2003]). "[O]n a motion for summary judgment, a defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Williams v Sahay*, 12 AD3d 366, 368 [2004]). In opposition, "a plaintiff must submit a physician's affidavit of merit attesting to a departure from accepted practice and containing the attesting doctor's opinion that the defendant's omissions or departures were a competent producing cause of the injury" (*Domaradzki v Glen Cove OB/GYN Assoc.*, 242 AD2d 282 [1997]). "General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]).

Here, in support of those branches of their motion which were for summary judgment, the defendants Huntington Hospital, Shahnaz Orner, and Marie J. Brignol (hereinafter the defendants) submitted an expert affidavit and deposition testimony which demonstrated that it was within acceptable standards of medical practice to continue gentamicin treatment even after the receipt of negative test results for sepsis, as the defendants reasonably continued to suspect sepsis and were concerned about the reliability of the tests, and that, even if it were not acceptable, the alleged departure did not cause the injury. The defendants thus satisfied their initial burden (*see Williams v Sahay, supra*; *Reyz v Khelemsky*, 10 AD3d 714, 714-715 [2004]; *Estate of Mollo v Rothman*, 284 AD2d 299 [2001]; *Bellino v Spatz*, 233 AD2d 355 [1996]). The conclusory expert affidavit submitted in opposition to the motion was insufficient to raise a triable issue of fact, as it did not address the assertions made by the defendants' expert or otherwise explain why the continuation of gentamicin treatment was a departure (*see Furey v Kraft*, 27 AD3d 416, 418 [2006]; *DiMitri v Monsouri, supra*; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]; *cf. Taylor v Nyack Hosp.*, 18 AD3d 537, 538 [2005]) or state that such departure was a competent producing cause of the injury (*see Jonassen v Staten Is. Univ. Hosp.*, 22 AD3d 805, 806 [2005]; *Sheridan v Bieniewicz*, 7 AD3d 508, 510 [2004]; *Dellacona v Dorf*, 5 AD3d 625 [2004]; *Prete v Rafla-Demetrious*, 224 AD2d 674, 676 [1996]; *cf. Taylor v Nyack Hosp., supra*).

In support of that branch of the motion which was for summary judgment dismissing the cause of action sounding in lack of informed consent, the defendants established their entitlement to judgment as a matter of law. In light of their failure to

raise a triable issue as to proximate cause, the plaintiffs cannot sustain a cause of action predicated on lack of informed consent (*see Viola v Blanco*, 1 AD3d 506, 507 [2003]; *Mondo v Ellstein*, 302 AD2d 437, 438 [2003]). In any event, the plaintiffs have failed to raise a triable issue as to whether a reasonably prudent person in their position would have acceded to the gentamicin treatment to ameliorate the potentially life-threatening condition that their newborn son may have sustained if they had been fully informed of the risks, benefits and alternatives (*see* Public Health Law § 2805-d [3]; *Agnese v Cattani*, 291 AD2d 515, 516 [2002]; *Dunlop v Sivaraman*, 272 AD2d 570, 570-571 [2000]; *Berger v Becker*, 272 AD2d 565, 566 [2000]; *Innucci v Bauersachs*, 201 AD2d 460 [1994]; *cf. Haggerty v Wyeth Ayerst Pharms.*, 11 AD3d 511, 512-513 [2004]). Accordingly, those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.