STEPHANIE REBOZO, Respondent, v DANIEL WILEN, Defendant, and DAVID H. ZELEFSKY, Appellant. [838 NYS2d 121]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendant David H. Zelefsky appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated March 7, 2006, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant David H. Zelefsky for summary judgment dismissing the complaint insofar as asserted against him is granted.

In January 2000 the plaintiff sustained injuries in a slip-and-fall accident, requiring three surgeries to repair damage to both knees. Her surgeon, the defendant Daniel Wilen, referred the plaintiff to South Shore Rehabilitation and Orthopaedics, where she underwent an extended course of treatment with a physical therapist and also consulted with the defendant David H. Zelefsky (hereinafter the defendant) on two occasions, May 4, 2000 and August 31, 2000. When the swelling, pain, and stiffness in her left knee failed to improve, the plaintiff continued to consult Wilen and other physicians, some of whom concluded that her symptoms were consistent with reflex symptomatic dystrophy (hereinafter RSD), also known as complex regional pain syndrome.

The plaintiff subsequently brought this action to recover damages for medical malpractice and lack of informed consent, alleging, inter alia, that the defendant deviated from accepted standards of care in failing to timely diagnose RSD or to refer her to a specialist in the treatment of RSD, causing her current chronic condition, which requires continued pain management and physical therapy. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him, holding that the conflicting expert medical opinion evidence raised a triable issue of fact regarding deviation from good and acceptable medical practice. We reverse.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage (*see Thompson v Orner*, 36 AD3d 791 [2007]; *Anderson v Lamaute*, 306 AD2d 232, 233 [2003]). On a motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Williams v Sahay*, 12 AD3d 366, 368 [2004]). In opposition, the plaintiff must submit a physician's affidavit attesting to the defendant's departure from accepted practice, which departure was a competent producing cause of the injury (*see Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment (*see*

*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Thompson v Orner, supra*; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]).

In support of his motion, the defendant submitted an expert's affirmation together with extensive medical records and testimony establishing that, on May 4, 2000, although the plaintiff exhibited some symptoms consistent with RSD, she did not exhibit the full constellation of symptoms necessary for a diagnosis of RSD, and her condition was attributable to severe trauma and recent operative procedures. The evidence submitted by the defendant further established that, when he saw the plaintiff again on August 31, 2000, her condition had improved on a treatment plan of physical therapy and pain medication. Based on this evidence, the defendant's expert concluded that the treatment prescribed by the defendant did not depart from accepted standards of medical care and did not proximately cause the plaintiff's injuries. The defendant thus satisfied his initial burden (*see Thompson v Orner, supra*; *Williams v Sahay, supra*).

The conclusory expert affirmation submitted in opposition lacked factual support and failed specifically to address assertions made by the defendant's expert or otherwise to explain why the treatment rendered by the defendant on May 4 and August 31 deviated from the accepted standard. Thus, the plaintiff failed to raise a triable issue of fact regarding the standard of care sufficient to defeat the defendant's motion for summary judgment (*see Thompson v Orner, supra*; *Kaplan v Hamilton Med. Assoc.*, 262 AD2d 609, 610 [1999]). Moreover, the plaintiff's expert failed to differentiate between the acts of the various medical providers or to explain how the plaintiff's injuries would have been less severe with an earlier diagnosis of RSD, and thus, failed to raise a triable issue of fact regarding the competent producing cause of her injuries (*see Jonassen v Staten Is. Univ. Hosp.*, 22 AD3d 805, 806 [2005]; *Dellacona v Dorf*, 5 AD3d 625 [2004]; *Dixon v Freuman*, 175 AD2d 910, 911 [1991]).

With regard to the cause of action alleging lack of informed consent, the plaintiff failed to rebut the defendant's showing of entitlement to judgment as a matter of law as she did not address that cause of action or specifically oppose that branch of the defendant's motion. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.