BRIANA Ross et al., Respondents, v JEFFREY BRAVERMAN et al., Appellants, et al., Defendant. [845 NYS2d 359]—

In an action to recover damages for medical malpractice, etc., the defendants Jeffrey Braverman and All-Island OB/GYN, P.C., appeal from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered March 3, 2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted.

On the night of January 7, 1995 the plaintiff Sharlene Ross (hereinafter the plaintiff), who was then approximately seven months pregnant, began to experience what she believed were contractions. The plaintiff's husband telephoned her obstetrician, the defendant Jeffrey Braverman, who instructed the couple to proceed to the defendant Winthrop University Hospital (hereinafter the hospital) immediately. Although the plaintiff and her husband allege that they arrived at the hospital at around midnight on January 8, 1995, the plaintiff was not examined until approximately 3:30 A.M. At that time, the plaintiff's cervix was eight centimeters dilated and 100% effaced, and she was in pre-term labor. After a second examination at about 4:45 A.M. revealed that the plaintiff's cervix was eight to nine centimeters dilated, an obstetrical resident notified Braverman, who arrived at the hospital approximately 25 minutes later. The infant plaintiff was born at 5:42 A.M., with injuries which include cerebral palsy and brain damage.

The plaintiffs subsequently commenced this action against Braverman, his medical practice All-Island OB/GYN, P.C. (hereinafter All-Island), and the hospital, alleging, inter alia, that the failure to administer tocolytic agents to suppress labor was a proximate cause of the infant plaintiff's premature birth and injuries. Braverman and All-Island moved for summary judgment dismissing the complaint insofar as asserted against them, relying upon the affirmation of an expert who opined that the administration of tocolytic agents could not have stopped labor in a woman whose cervix was already eight centimeters dilated and 100% effaced at the time of her initial hospital examination. The defense expert, a clinical Associate Professor of Obstetrics and Gynecology at New York University Medical Center, also concluded that Braverman had acted in accordance with the custom and practice in the obstetrics community in advising the plaintiff to proceed to the hospital, and in relying upon hospital personnel to examine her and alert him of her status. In opposition to the motion, the plaintiffs submitted the affidavit of a California physician, who agreed that it would be inappropriate to attempt to delay labor in a patient whose cervix was eight centimeters dilated, but opined that if tocolytic agents had been administered when the plaintiff arrived at the hospital at around midnight, labor could have been successfully suppressed. The plaintiffs' expert also concluded that good and accepted standards of care required Braverman to have proceeded to the hospital himself to manage his patient's labor, or to have taken steps to ensure that she was under the care of an experienced attending obstetrician. The defendant hospital also separately moved for summary judgment dismissing the

complaint insofar as asserted against it. The Supreme Court denied both motions, finding that there was conflicting evidence as to what time the plaintiff arrived at the hospital, and that none of the defendants had offered sufficient evidence that they provided timely and competent medical care to her. Braverman and All-Island appeal from so much of the order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them. We reverse the order insofar as appealed from and grant the appellants' motion.

The requisite elements of proof in a medical malpractice action are a deviation or a departure from accepted standards of medical practice, and evidence that such a departure was a proximate cause of the plaintiff's injury (*see Keevan v Rifkin*, 41 AD3d 661 [2007]; *Rebozo v Wilen*, 41 AD3d 457 [2007]; *Thompson v Orner*, 36 AD3d 791 [2007]; *Wicksman v Nassau County Health Care Corp.*, 27 AD3d 644 [2006]). Contrary to the Supreme Court's conclusion, the appellants satisfied their initial burden of establishing the absence of any departure from accepted medical practice by submitting evidence which included the affirmation of a highly qualified expert, who stated that tocolytic agents could not have stopped labor when the plaintiff was first examined at the hospital, and that Braverman acted appropriately and within acceptable standards of practice in directing the plaintiff to immediately proceed to the hospital and relying upon hospital personnel to examine her and alert him of her status. The burden thus shifted to the plaintiffs to "submit a physician's affidavit of merit attesting to a departure from accepted practice and containing the attesting doctor's opinion that the defendant's omissions or departures were a competent producing cause of the injury" (*Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]; *see Keevan v Rifkin*, 41 AD3d 661 [2007]; *Rebozo v Wilen*, 41 AD3d 457 [2007]; *Thompson v Orner*, 36 AD3d 791 [2007]). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of malpractice are insufficient to meet this burden (*see Keevan v Rifkin*, 41 AD3d 661 [2007]; *Rebozo v Wilen*, 41 AD3d 457 [2007]; *Thompson v Orner*, 36 AD3d 791 [2007]; *Wicksman v Nassau County Health Care Corp.*, 27 AD3d 644 [2006]). Here, the plaintiffs' expert agreed with the defense expert that labor could not have been successfully suppressed when the plaintiff was first examined at the hospital at about 3:30 A.M. Although the plaintiffs' expert further maintained that Braverman should have immediately proceeded to the hospital to examine the plaintiff or arranged for her care by an attending obstetrician, there is no evidentiary basis to support a conclusion that the obstetrical residents who

examined and cared for the plaintiff prior to Braverman's arrival at the hospital were unqualified, or that generally accepted practice requires a private attending obstetrician to follow a patient who is experiencing contractions to the hospital and examine her before hospital personnel have determined that she is in labor. Under these circumstances, the affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *Brown v Bauman*, 42 AD3d 390 [2007]; *Rebozo v Wilen*, 41 AD3d 457 [2007]; *Wicksman v Nassau County Health Care Corp.*, 27 AD3d 644 [2006]). Accordingly, the motion of Braverman and All-Island for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.