◼ GARY PERRO, JR., Appellant, v BONNIE SCHAPPERT, Respondent, et al., Defendant. [848 NYS2d 882]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 20, 2006, which granted the motion of the defendant Bonnie Schappert for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of the injury (*see Anderson v Lamaute*, 306 AD2d 232, 233 [2003]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]). The defendant Bonnie Schappert met her prima facie burden of demonstrating her entitlement to judgment as a matter of law through the affirmation of her medical expert, who opined, based on the medical records and deposition testimony, that Schappert's actions in removing the plaintiff's Foley catheter were in accordance with good and accepted nursing practice (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Furey v Kraft*, 27 AD3d 416, 418 [2006]).

In opposition, the affidavit of the plaintiff's nursing expert

failed to raise a triable issue of fact regarding the applicable standard of care, any departures therefrom, and whether the alleged malpractice was a proximate cause of the plaintiff's injuries. The bare conclusory allegations of the plaintiff's expert, which were unsupported by the record, were insufficient to raise a triable issue of fact (see *Thompson v Orner*, 36 AD3d 791, 792 [2007]; *Furey v Kraft*, 27 AD3d at 418; *Jonassen v Staten Is. Univ. Hosp.*, 22 AD3d 805, 806 [2005]). Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.