■ JOSEPH ROSENMAN, Respondent, v SHARAVAN SHRESTHA et al., Defendants, and RAVI LOONA et al., Appellants. [852 NYS2d 378]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Ravi Loona and Ravi Loona, M.D., P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered October 4,

2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendant Samuel Bernard Fineman separately appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, the defendant Charles H. Bagley separately appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him, and the defendant Flushing Hospital and Medical Center separately appeals from so much of the same order as denied that branch of the motion of the defendants Flushing Hospital and Medical Center and Pankaj Patel which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the motion of the defendants Ravi Loona and Ravi Loona, M.D., P.C., for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision granting the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Flushing Hospital and Medical Center and Pankaj Patel which was for summary judgment dismissing the complaint insofar as asserted against the defendant Flushing Hospital and Medical Center and substituting a provision therefor granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendants Ravi Loona and Ravi Loona, M.D., P.C., and the defendant Flushing Hospital and Medical Center, appearing separately and filing separate briefs, and one bill of costs payable by the defendants Samuel Bernard Fineman and Charles H. Bagley to the plaintiff.

The plaintiff, who suffered from migraine headaches, and whose use of a particular narcotic to treat such headaches sharply increased over a few months' time, alleged, inter alia, that the defendant Samuel Bernard Fineman, who was his neurologist, departed from good and accepted medical practice by continuing to prescribe that narcotic to him. The plaintiff further alleged that as a result of his use of the narcotic, he suffered from, among other injuries, compartment syndrome in his arm and encephalopathy.

The plaintiff sought a second opinion regarding his use of the narcotic from the defendant Charles H. Bagley, who was also a neurologist. The plaintiff alleged, inter alia, that Bagley, who was aware of the sharp increase in the plaintiff's use of the

narcotic, departed from good and accepted medical practice in failing to investigate and eliminate the plaintiff's use of the narcotic.

During the course of time that the plaintiff was using the narcotic, he was, on two occasions, taken to the defendant Flushing Hospital and Medical Center (hereinafter the Hospital) because he was unconscious for prolonged periods of time, allegedly as a result of his use of the narcotic. After the first episode, the plaintiff was evaluated in the Hospital by the defendant Ravi Loona, who was an orthopedic surgeon. The plaintiff alleged, inter alia, that Loona improperly diagnosed him with a contused arm, instead of compartment syndrome.

Regarding the Hospital, the plaintiff alleged, inter alia, that after the first episode of unconsciousness, the Hospital's staff departed from good and accepted medical practice in failing to investigate and eliminate his use of the narcotic. The plaintiff further alleged that after the second episode, the Hospital's staff departed from good and accepted medical practice in belatedly diagnosing his compartment syndrome.

The Supreme Court correctly denied Fineman's motion for summary judgment dismissing the complaint insofar as asserted against him. The requisite elements of proof in a medical malpractice action are a deviation or departure from good and accepted medical practice and that such departure was a proximate cause of the plaintiff's injuries (*see Rebozo v Wilen,* 41 AD3d 457, 458 [2007]). On a motion by a defendant for summary judgment in a medical malpractice action, the defendant has the initial burden of establishing, prima facie, that he or she did not depart from good and accepted medical practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries (*see Rebozo v Wilen,* 41 AD3d at 458; *Thompson v Orner,* 36 AD3d 791, 792 [2007]; *Williams v Sahay,* 12 AD3d 366, 368 [2004]). On his motion, Fineman failed to demonstrate his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The affidavit of his expert neurologist was insufficient to establish, prima facie, that he did not depart from good and accepted medical practice in his treatment of the plaintiff (*cf. Gage v Dutkewych,* 3 AD3d 629, 630 [2004]), or that the alleged departure was not a proximate cause of the plaintiff's injuries (*see Nwabude v Sisters of Charity Health Care Sys. Corp.,* 309 AD2d 909, 910 [2003]).

The Supreme Court also correctly denied that branch of Bagley's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Bagley met his

burden of demonstrating his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324), as he submitted an affirmation from an expert neurologist that was sufficient to establish, prima facie, that he did not depart from good and accepted medical practice in his treatment of the plaintiff (*see Rebozo v Wilen*, 41 AD3d at 458). The burden then shifted to the plaintiff to establish, through an expert's affidavit or affirmation, the existence of triable issues of fact as to whether Bagley departed from good and accepted medical practice and whether such departure was a proximate cause of the plaintiff's injuries (*see Rebozo v Wilen*, 41 AD3d at 458; *Thompson v Orner*, 36 AD3d at 792; *Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]). The plaintiff provided an affirmation from an expert neurologist that was sufficient to raise triable issues of fact as to whether Bagley departed from good and accepted medical practice in his treatment of the plaintiff, and as to whether such a departure was a proximate cause of the plaintiff's injuries.

However, the Supreme Court should have granted the motion of Loona and his professional corporation, the defendant Ravi Loona, M.D., P.C. (hereinafter collectively the Loona defendants), for summary judgment dismissing the complaint insofar as asserted against them. The Loona defendants met their burden of demonstrating their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324), as they provided an affirmation from an expert orthopedist that was sufficient to establish, prima facie, that Loona did not depart from good and accepted medical practice in his examination of the plaintiff (*see Rebozo v Wilen*, 41 AD3d at 458). While the plaintiff provided an affirmation from an expert internist in opposition, the affirmation was insufficient to raise a triable issue of fact as to whether Loona departed from good and accepted medical practice in failing to diagnose the plaintiff with compartment syndrome, or as to whether the alleged departure exacerbated the plaintiff's arm injury.

The Supreme Court also should have granted that branch of the motion of the Hospital and the defendant Pankaj Patel which was for summary judgment dismissing the complaint insofar as asserted against the Hospital. Those defendants met their burden of demonstrating their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324), as they provided an affirmation from an expert internist that was sufficient to establish, prima facie, that the Hospital's staff did not depart from good and accepted medical practice in its treatment of the plaintiff (*see Rebozo v Wilen*, 41 AD3d at 458).

The expert affirmations that the plaintiff submitted in opposition were insufficient to raise triable issues of fact as to whether the Hospital's staff departed from good and accepted medical practice in treating and diagnosing him, and as to whether the alleged departures were proximate causes of his injuries. Skelos, J.P., Ritter, Miller and Covello, JJ., concur.