LIEN LUU et al., Appellants, v ELIZABETH PASKOWSKI et al., Respondents, et al., Defendant. [871 NYS2d 227]—

In a medical malpractice action, a plaintiff must prove that there was a deviation or a departure from good and accepted practice and that such departure or deviation was a proximate cause of injury or damage (*see Myers v Ferrara,* 56 AD3d 78 [2008]). On a motion for summary judgment dismissing the complaint, a defendant physician has the burden of establishing the absence of any departure from good and accepted practice, or, if there was a departure, that the plaintiff was not injured thereby (*see Rebozo v Wilen,* 41 AD3d 457, 458 [2007]; *Thompson v Orner,* 36 AD3d 791, 791-792 [2007]; *Taylor v Nyack Hosp.,* 18 AD3d 537, 538 [2005]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). In opposition, a plaintiff must submit the affidavit of a physician attesting to a departure from good and accepted practice, and stating the physician's opinion that the alleged departure was a competent producing cause of the plaintiff's injuries (*see Rebozo v Wilen,* 41 AD3d at 458; *Thompson v Orner,* 36 AD3d at 792; *Taylor v Nyack Hosp.,* 18 AD3d at 538; *Domaradzki v Glen Cove Ob/Gyn Assoc.,* 242 AD2d 282 [1997]). A plaintiff cannot rebut a defendant physician's showing that he or she was not negligent and defeat a motion for summary judgment by offering an expert's affidavit containing general allegations of medical malpractice which are conclusory in nature and unsupported by competent evidence tending to establish the elements of medical malpractice (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324-325; *Rebozo v Wilen,* 41 AD3d at 458-459; *Thompson v Orner,* 36 AD3d at 792; *Furey v Kraft,* 27 AD3d 416, 418 [2006]; *Taylor v Nyack Hosp.,* 18 AD3d at 538).

Here, in support of their motion, the defendant doctors Elizabeth Paskowski and Sharon Quayle (hereinafter the defendants) submitted their deposition testimony, their office records, the records of Nyack Hospital, and the affidavit of Robert Ward, a board-certified surgeon. These submissions established that a small bowel obstruction and a subsequently-discovered pelvic

hematoma sustained by the plaintiff Lien Luu (hereinafter the plaintiff) were not caused by any departure from good and accepted medical practice by the defendants. Thus, the defendants satisfied their initial burden.

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' expert Benjamin Zola, a board certified internist, submitted an affidavit indicating that the defendants failed to detect a great amount of post-operative blood loss, as well as the plaintiff's small bowel obstruction and pelvic hematoma. However, Zola did not refer to any part of the hospital records, and did not state when the blood loss occurred or how it caused the small bowel obstruction and hematoma. Zola made no reference to any of the hospital records in his affidavit, and did not state that he had reviewed the pleadings and depositions. Zola's affidavit was conclusory and lacked a foundation (*see Thompson v Orner,* 36 AD3d at 792; *Furey v Kraft,* 27 AD3d at 418). We note that the defendant Quayle had no role in either the pre-operative or post-operative care of the plaintiff.

The defendants also established their prima facie entitlement to summary judgment dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against them by offering the consent form that the plaintiff signed, in which she agreed to undergo a hysterectomy, and the deposition testimony of the defendant Paskowski that she explained the potential benefits and risks of the procedure to the plaintiff, and discussed an alternative form of treatment (*see generally Spano v Bertocci,* 299 AD2d 335 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact, submitting only a two-page excerpt of the plaintiff's deposition testimony, in which she testified that she did not understand what the term "hysterectomy" meant. This failed to rebut Paskowski's deposition testimony that she discussed the risks and benefits of both a hysterectomy and other treatment with the plaintiff. Zola's affidavit discussed the issue of informed consent in the most general terms, with no reference to the record and no specific, detailed allegations. Moreover, because the plaintiffs failed to raise a triable issue of fact with respect to proximate cause, they cannot sustain a cause of action predicated on lack of informed consent (*see Thompson v Orner,* 36 AD3d at 792-793).

The plaintiffs' remaining contentions are without merit or improperly raised for the first time on appeal. Skelos, J.P., Ritter, Carni and Dickerson, JJ., concur.