■ WILLIAM TUORTO et al., Respondents, v DARYOUSH JADALI et al., Defendants, and MARY J. SPINELLI, Appellant. [878 NYS2d 457]—In an action to recover damages for medical malpractice, the defendant Mary J. Spinelli appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated December 18, 2007, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The requisite elements of proof in a medical malpractice action are a deviation or departure from good and accepted medical practice and that such departure was a proximate cause of the plaintiff's injuries (*see Rebozo v Wilen,* 41 AD3d 457, 458 [2007]). The defendant Mary J. Spinelli, an obstetrician/gynecologist (hereinafter OB/GYN), met her prima facie burden of establishing her entitlement to judgment as a matter of law by submitting her own affidavit which demonstrated that she did not depart from good and accepted medical practice in her treatment of the plaintiff Joanna Tuorto (hereinafter the plaintiff mother), and that her treatment was not a proximate cause of the infant plaintiff's injuries (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Rebozo v Wilen,* 41 AD3d at 458).

However, in opposition, the plaintiffs submitted affirmations from an expert OB/GYN and an expert pediatrician/neonatologist, which were sufficient to raise triable issues of fact as to whether Spinelli departed from good and accepted medical practice in her treatment of the plaintiff mother and

whether such departure was a proximate cause of the infant plaintiff's injuries (*see Roca v Perel*, 51 AD3d 757, 759 [2008]; *Rosenman v Shrestha*, 48 AD3d 781, 784 [2008]; *Feinberg v Feit*, 23 AD3d 517, 519 [2005]). Accordingly, Spinelli's motion for summary judgment dismissing the complaint insofar as asserted against her was properly denied. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.