■ TANESHA MIDDLETON, Appellant, v MIKHAIL FUKS et al., Respondents. [894 NYS2d 438]—

In this action, inter alia, to recover damages for medical malpractice, the plaintiff alleged that she suffered emotional distress when the defendant Mikhail Fuks, a physician, and his practice, the defendant Unimed Health Care, P.C., inaccurately informed her that she had tested positive for human immunodeficiency virus (hereinafter HIV) based upon laboratory test results which were "indeterminate." She further asserts that Fuks improperly informed the New York State Department of Health (hereinafter NYDOH) that she was HIV-positive despite her indeterminate test results.

The defendants moved for summary judgment dismissing the complaint on the ground that Fuks adhered to good and accepted medical practice in informing the plaintiff that he had a "high suspicion" that she was HIV-positive and in referring her

to a specialist for further evaluation and treatment. Further, Fuks denied notifying NYDOH that the plaintiff was HIV-positive, and testified at his deposition that he had told her that the results of the tests were "highly suspicious." He further contended that the laboratory made the report to NYDOH. In opposition, the plaintiff contended that although Fuks acknowledged that her test results were indeterminate, he did not deny telling her that she was HIV-positive or reporting that she was HIV-positive to NYDOH. However, the plaintiff failed to submit her own affidavit stating that Dr. Fuks told her that she was HIV positive rather than, as he testified, that he told her that the results of the tests were "highly suspicious." The redacted affirmation of the plaintiff's expert opined that Fuks departed from good and accepted medical practice by informing her that she was HIV-positive based on an indeterminate test result and in notifying NYDOH that she was HIV-positive based on the indeterminate test result. The Supreme Court granted the defendants' motion, finding that the plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing that they did not depart from good and accepted medical practice and that the plaintiff was not injured. The plaintiff appeals. We affirm.

The defendants established, through the affidavit of Fuks, that Fuks acted in accordance with good and accepted medical practice in informing the plaintiff of his "high suspicion" that she was HIV-positive and referring her to a specialist (*see Rebozo v Wilen*, 41 AD3d 457, 459 [2007]; *Thompson v Orner*, 36 AD3d 791 [2007]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358 [1998]). Further, in his affidavit, Fuks explained that he did not report that the plaintiff was HIV-positive to NYDOH. Rather, the laboratory that reviewed the plaintiff's specimen made the report to NYDOH, and Fuks thereafter filled out an NYDOH form at the direction of the NYDOH.

The conclusory expert affidavit submitted by the plaintiff in opposition to the defendants' motion was insufficient to raise a triable issue of fact, as it did not explain why or how Fuks' departed from good and accepted practice by informing the plaintiff of his "high suspicion" that she was HIV-positive and referring her to a specialist, or address the defendants' assertions that it was the laboratory, not Fuks, who reported the plaintiff as HIV-positive to NYDOH and that he was directed to complete the NYDOH form (*see Rebozo v Wilen*, 41 AD3d 457 [2007]; *Thompson v Orner*, 36 AD3d 791 [2007]; *Williams v Sahay*, 12 AD3d 366, 368 [2004]; *DiMitri v Monsouri*, 302 AD2d 420 [2003]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358 [1998]). Mastro, J.P., Fisher, Belen and Austin, JJ., concur.