Russell v River Manor Corp. (2023 NY Slip Op 02547)

Russell v River Manor Corp.

2023 NY Slip Op 02547

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-00756
2019-00759
2019-05945
2019-05946
 (Index No. 606029/16)

[*1]Marilyn Russell, etc., appellant, 
v
River Manor Corp., et al., respondents, et al., defendants.

D.F. Truhowsky (Alexander J. Wulwick, New York, NY, of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, New York, NY (David Bloom of counsel), for respondent River Manor Corp.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Jesse D. Capell of counsel), for respondent Kingsbrook Jewish Medical Center.
In an action, inter alia, to recover damages for medical malpractice, wrongful death, and violation of Public Health Law § 2801-d, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered December 26, 2018, (2) an order of the same court, also entered December 26, 2018, (3) a judgment of the same court entered January 25, 2019, and (4) a judgment of the same court entered February 13, 2019. The first order granted the motion of the defendant Kingsbrook Jewish Medical Center for summary judgment dismissing the complaint insofar as asserted against it. The second order granted the motion of the defendant River Manor Corp. for summary judgment dismissing the complaint insofar as asserted against it. The judgment entered January 25, 2019, upon the first order, is in favor of the defendant Kingsbrook Jewish Medical Center and against the plaintiff dismissing the complaint insofar as asserted against that defendant. The judgment entered February 13, 2019, upon the second order, is in favor of the defendant River Manor Corp. and against the plaintiff dismissing the complaint insofar as asserted against that defendant.

DECISION & ORDER
By order to show cause dated June 24, 2022, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeals from the orders, on the ground that the right of direct appeal from the orders terminated upon entry of the judgments in the action. By decision and order on motion dated December 7, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders is granted; and it is further,
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgments are affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants River Manor Corp. and Kingsbrook Jewish Medical Center.
The appeals from the orders entered December 26, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeals from the judgments (see CPLR 5501[a][1]).
The plaintiff Marilyn Russell, as administrator of the estate of George Russell (hereinafter the decedent), commenced this action, against, among others, the defendants River Manor Corp. (hereinafter River Manor), a nursing home, and Kingsbrook Jewish Medical Center (hereinafter Kingsbrook), a hospital, to recover damages for negligence, medical malpractice, and wrongful death, and, as against River Manor, violation of Public Health Law § 2801-d, in connection with the medical care and treatment provided by them to the decedent. River Manor and Kingsbrook (hereinafter together the defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In two orders, both dated December 26, 2018, the Supreme Court granted the defendants' separate motions. On January 25, 2019, and February 13, 2019, respectively, judgments were entered in favor of each defendant and against the plaintiff. The plaintiff appeals. We affirm.
"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury" (Wicksman v Nassau County Health Care Corp., 27 AD3d 644, 644; see Lowell v Flom, 195 AD3d 801, 802). "A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact with respect to at least one of [these] elements" (Lowell v Flom, 195 AD3d at 802 [internal citation omitted]; see Roye v Gelberg, 172 AD3d 1260, 1261). Where a defendant makes a prima facie showing on both elements, the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element (see Roye v Gelberg, 172 AD3d at 1261; Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1289). Further, a defendant moving for summary judgment dismissing a cause of action alleging deprivation of rights pursuant to Public Health Law § 2801-d meets its prima facie burden by submitting evidence that the plaintiff's injuries did not arise through any action or negligence of its employees (see Moore v St. James Health Care Ctr., LLC, 141 AD3d 701, 703; Gold v Park Ave. Extended Care Ctr. Corp., 90 AD3d 833, 834).
In general, under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of employment, but not for the negligence or malpractice of an independent physician who is not its employee (see Hill v St. Clare's Hosp., 67 NY2d 72, 79; Goffredo v St. Luke's Cornwall Hosp., 194 AD3d 699, 700). In order to establish entitlement to judgment as a matter of law defeating a claim of vicarious liability, a hospital must demonstrate that the physician alleged to have committed the malpractice was an independent contractor rather than a hospital employee and that an exception to the general rule does not apply (see Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1213).
Here, the defendants each established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them, through their respective expert physicians' affirmations. The physicians opined, within a reasonable degree of medical certainty, that the defendants did not deviate or depart from accepted community standards with respect to the prevention and treatment of the decedent's decubitus ulcers, and that the decedent's decubitus ulcers were unavoidable due to the decedent's medical condition and comorbidities (see Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 864; Brinkley v Nassau Health Care Corp., 120 AD3d at 1289). Further, with respect to Public Health Law § 2801-d, River Manor established, as a matter of law, that the decedent's alleged injuries did not arise through any action or negligence of its employees (see Moore v St. James Health Care Ctr., LLC, 141 AD3d at [*2]703; Gold v Park Ave. Extended Care Ctr. Corp., 90 AD3d at 834). Finally, Kingsbrook established, as a matter of law, that it cannot be held vicariously liable for the alleged malpractice committed by the decedent's private physician, who was the attending physician who treated the decedent during his admissions at Kingsbrook (see Malefakis v Jazrawi, 209 AD3d 727, 729; Sampson v Contillo, 55 AD3d 588, 591).
In opposition to the prima facie showing made by the defendants, the plaintiff failed to raise a triable issue of fact. The expert affirmation proffered by the plaintiff was conclusory and speculative, failed to address the significance of the decedent's many comorbidities, and was silent on the essential issue of proximate cause (see Brinkley v Nassau Health Care Corp., 120 AD3d at 1290; Wicksman v Nassau County Health Care Corp., 27 AD3d at 645).
Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court