Balgobin v Jamaica Hosp. Med. Ctr.
2026 NY Slip Op 03938
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Bojdhat Balgobin, appellant,
v
Jamaica Hospital Medical Center, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2022-03052, 2022-03053, (Index No. 718089/18)
Betsy Barros, J.P.
Helen Voutsinas
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Godosky & Gentile, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Furman Kornfeld & Brennan LLP (Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY [Deirdre E. Tracey], of counsel), for respondent Jamaica Hospital Medical Center.
Martin Clearwater & Bell, LLP, New York, NY (Barbara D. Goldberg and Karen B. Corbett of counsel), for respondent Jamaica Nursing Home Company, Inc.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from two orders of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), both dated March 31, 2022. The first order, insofar as appealed from, granted those branches of the motion of the defendant Jamaica Hospital Nursing Home Company, Inc., which were for summary judgment dismissing the causes of action to recover damages for medical malpractice and a violation of Public Health Law § 2801-d insofar as asserted against it. The second order, insofar as appealed from, granted that branch of the motion of the defendant Jamaica Hospital Medical Center which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it.
ORDERED that the first order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendant Jamaica Hospital Nursing Home Company, Inc., which were for summary judgment dismissing the causes of action to recover damages for medical malpractice and a violation of Public Health Law § 2801-d insofar as asserted against it are denied; and it is further,
ORDERED that the second order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Jamaica Hospital Medical Center which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendants, Jamaica Hospital Medical Center (hereinafter the hospital) and Jamaica Hospital Nursing Home Company, Inc. (hereinafter the [*2]nursing home), inter alia, to recover damages for medical malpractice and a violation of Public Health Law § 2801-d. The plaintiff alleged, among other things, that the defendants were negligent in their failure to properly prevent and treat his pressure ulcer during the times when he was a patient at their facilities. The nursing home moved, inter alia, for summary judgment dismissing the causes of action to recover damages for medical malpractice and a violation of Public Health Law § 2801-d insofar as asserted against it. The hospital moved, among other things, for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it. In an order dated March 31, 2022, the Supreme Court, inter alia, granted those branches of the nursing home's motion. In another order dated March 31, 2022, the court, among other things, granted that branch of the hospital's motion. The plaintiff appeals.
"In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Paxton v Sosnowski, 238 AD3d 779, 781 [internal quotation marks omitted]; see Rodriguez v Avshalumov, 238 AD3d 1082, 1083). "If the defendant meets this burden, the plaintiff, in opposition, must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden" (Deane v Tracer, 237 AD3d 1156, 1158 [internal quotation marks omitted]; see Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d 835, 836). "Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Deane v Tracer, 237 AD3d at 1158 [internal quotation marks omitted]; see Rodriguez v Avshalumov, 238 AD3d at 1083).
Here, the hospital established its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it through the affirmation of its expert physician. The physician opined, within a reasonable degree of medical certainty, that the hospital did not deviate or depart from the accepted standard of care with respect to the prevention and treatment of the plaintiff's pressure ulcer, and that the plaintiff's pressure ulcer was unavoidable due to his medical condition and comorbidities (see Russell v River Manor Corp., 216 AD3d 827, 830; Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 903).
In opposition, however, the plaintiff's expert affidavit raised triable issues of fact as to whether the hospital departed from the accepted standard of care, and whether the alleged departures were a proximate cause of the plaintiff's injuries. The physician opined, inter alia, that the hospital departed from the accepted standard of care by elevating the head of the plaintiff's bed as part of its pressure injury prevention plan, and that this departure contributed to the development of the plaintiff's pressure injury at the hospital. Moreover, the plaintiff's expert rebutted the opinion of the hospital's expert that the plaintiff's pressure ulcer was unavoidable (cf. Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d at 837). Contrary to the hospital's contentions, the opinion of the plaintiff's expert was supported by the record and therefore was not speculative or conclusory (see Darrisaw v Interfaith Med. Ctr., 238 AD3d 1111, 1113). Further, since the plaintiff's expert offered an opinion within his area of specialization, "the expert was not required to provide official medical guidelines or other foundational evidence to support the reliability of the opinion rendered" (Mehtvin v Ravi, 180 AD3d 661, 663; see Cerrone v North Shore-Long Is. Jewish Health Sys., Inc., 197 AD3d 449, 452). Where, as here, experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution (see Swiatocha v Koenigsdorf, 241 AD3d 1595).
Accordingly, the Supreme Court should have denied that branch of the hospital's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it.
The nursing home failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it. The nursing home's expert physician opined that the care received by the plaintiff at the nursing home complied with the standard of care and did not result in his alleged injuries, as [*3]the pressure ulcer observed at the time of the plaintiff's admission to the nursing home on March 1, 2017, healed within 48 hours of his admission. That opinion, however, failed to address certain evidence that raised a triable issue of fact as to whether the pressure ulcer remained unhealed at the time of the plaintiff's discharge from the nursing home on March 7, 2017. As such, the expert's opinion was insufficient to establish the nursing home's prima facie entitlement to judgment as a matter of law (see Woehrle v Buono, 232 AD3d 820, 821; Faicco v Golub, 91 AD3d 817, 818).
The nursing home also failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Public Health Law § 2801-d insofar as asserted against it based on alleged violations of regulations pertaining to nursing homes (see Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d 739, 741; Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d 1021, 1024). "[T]he basis for liability under Public Health Law § 2801-d is neither deviation from accepted standards of medical practice nor breach of a duty of care. Rather, it contemplates injury to the patient caused by the deprivation of a right conferred by contract, statute, regulation, code or rule" (Schwartz v Partridge, 179 AD3d 963, 965 [internal quotation marks omitted]; see Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d at 741). Here, the affirmation of the nursing home's expert was insufficient to establish, prima facie, that the plaintiff received the necessary treatment and services to promote healing of his pressure ulcer (see 10 NYCRR 415.12[c][2]).
Since the nursing home failed to meet its prima facie burden, the Supreme Court should have denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages for medical malpractice and a violation of Public Health Law § 2801-d insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court