■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVALE PALMER, Appellant. [736 NYS2d 228] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered September 15, 1999, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly sentenced defendant as a second felony offender. In determining that defendant's Maryland conviction for distribution of cocaine is analogous to a New York felony conviction, the court properly relied on the accusatory instrument since the Maryland statute (Md Code Ann of 1957, art 27, § 286) renders criminal several acts which, if committed in New York, would not all be felonies (*see, People v Gonzalez*, 61 NY2d 586; *People v Reilly*, 273 AD2d 143, *lv denied* 95 NY2d 937). Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Rubin, JJ.

■ CYNTORI COOPER, Respondent, v ST. VINCENT'S HOSPITAL OF NEW YORK et al., Appellants, et al., Defendant. [736 NYS2d 41] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered April 30, 2001, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although defendants submitted a physician's affidavit stating that the care and treatment afforded plaintiff and her mother by defendants was in accordance with then accepted standards of medical care, it is undisputed that defendants were aware at the time of plaintiff's delivery that her mother suffered from the papilloma virus lesions in her genital region, and in view of that circumstance and the physician's affidavit submitted by plaintiff stating that plaintiff contracted the papilloma virus from her mother in the course of her vaginal delivery and that this could have been avoided had plaintiff been delivered by cesarean section, issues of fact are presented as to whether defendants' decision to permit plaintiff to be vaginally delivered constituted medical malpractice. Accordingly, summary judgment dismissing the complaint was properly denied. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Rubin, JJ.