■ ANTHONY J. DeCINTIO, Individually and as Administrator of the Estate of MARIE DeCINTIO, Deceased, et al., Appellants, v LAWRENCE HOSPITAL et al., Defendants, and PAUL WEINSTEIN, M.D., Respondent. [807 NYS2d 341]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered September 1, 2004, granting the motion of defendant Paul Weinstein, M.D., for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

After defendant Dr. Weinstein met his burden as summary judgment movant by submitting an expert's affidavit attesting that, in treating plaintiffs' decedent, Weinstein did not depart from the accepted standard of care in the medical community (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]), the burden shifted to plaintiffs to submit evidentiary facts or

materials raising a triable issue of fact (*id.*). That burden was not met. Although plaintiffs, through their expert, point to "discrepancies" in the decedent's medical records, they do not explain how the purported discrepancies implicate Weinstein's care and treatment of the decedent (*see id.* at 324-325) or how the decedent's outcome would have changed had the mistakes purportedly reflected in the discrepant records not been made (*see Candia v Estepan*, 289 AD2d 38, 39-40 [2001]; *see also Mortensen v Memorial Hosp.*, 105 AD2d 151, 158-159 [1984]). Even if, for example, decedent experienced a ventricular fibrillation about which Weinstein was not immediately informed, plaintiffs offer no explanation of how such information might have been utilized to prolong the decedent's life.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Williams, Catterson and Malone, JJ.