■ DAVID MURRAY et al., Respondents, v STEPHEN HIRSCH et al., Appellants. [871 NYS2d 673]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered January 16, 2008, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff David Murray (hereinafter the plaintiff) went to the defendant Stephen Hirsch (hereinafter the defendant), a urologist, in January 2004 complaining of darkened semen. The defendant advised the plaintiff that the darkening was caused by blood in his semen, a condition known as hematospermia. The defendant examined the plaintiff's prostate and found it normal. The plaintiff's prostate specific antigen (PSA) score was 1.87, a rise of .57 from the test conducted in 2001. The defendant told the plaintiff that the condition was benign and would clear up on its own. The plaintiff was subsequently diagnosed with prostate cancer. The plaintiff and his wife commenced this action against the defendants asserting, inter alia, that the defendant should have ordered a prostate sonogram and biopsy when he had first complained of hematospermia because his rising PSA scores, combined with the hematospermia, were indicative of an elevated risk of prostate cancer. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

On a motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Shahid v New York City Health & Hosps. Corp.,* 47 AD3d 800 [2008]; *Rebozo v Wilen,* 41 AD3d 457 [2007]; *Williams v Sahay,* 12 AD3d 366 [2004]). The affirmation of the defendants' expert was sufficient to establish that the defendant did not depart from good and accepted medical practice.

Once a defendant has made this prima facie showing, the burden shifts to the plaintiff to establish the existence of a tri-

able issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff must submit a physician's affidavit attesting to the defendant's departure from accepted practice, which departure was a competent producing cause of the injury (*see Rebozo v Wilen*, 41 AD3d at 458; *Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]). The affirmation of the plaintiffs' expert was sufficient to raise a triable issue of fact as to whether the defendant departed from good and accepted medical practice. However, in his affirmation, the plaintiffs' expert completely failed to address the issue of how the defendant's departure was a proximate cause of the plaintiff's injuries.

Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.