■ TIMOTHY D. O'SHEA et al., Respondents, v BUFFALO MEDICAL GROUP, P.C., et al., Appellants. [882 NYS2d 619]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 21, 2008 in a medical malpractice action. The order, insofar as appealed from, denied that part of defendants' motion for summary judgment dismissing the complaint against defendant Blaze Sekovski, M.D.

It is hereby ordered that the order insofar as appealed from is reversed on the law without costs, the motion is granted in part, and the complaint against defendant Blaze Sekovski, M.D. is dismissed.

Memorandum: As limited by their brief, defendants appeal from an order insofar as it denied that part of their motion for summary judgment dismissing the complaint against Blaze Sekovski, M.D. (defendant) in this medical malpractice action. We agree with defendants that Supreme Court erred in denying that part of their motion. "On a motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Murray v Hirsch*, 58 AD3d 701, 702 [2009], *lv denied* 12 NY3d 709 [2009]). Here, defendants met their burden by submitting the affidavit of defendant establishing that his administration of a stress test to plaintiff Timothy D. O'Shea was consistent with the applicable standard of care (*see generally Swezey v Montague Rehab &*

*Pain Mgt., P.C.,* 59 AD3d 431, 433 [2009]; *Kremer v Buffalo Gen. Hosp.,* 269 AD2d 744 [2000]). The burden then shifted to plaintiffs to raise triable issues of fact by submitting a physician's affidavit both " 'attesting to a departure from accepted practice and containing the attesting [physician's] opinion that the defendant's omissions or departures were a competent producing cause of the injury' " (*Mosezhnik v Berenstein,* 33 AD3d 895, 896 [2006]; *see Murray,* 58 AD3d at 702-703; *Poblocki v Todoro,* 49 AD3d 1239 [2008]; *Perro v Schappert,* 47 AD3d 694 [2008]; *DeCintio v Lawrence Hosp.,* 25 AD3d 320 [2006]; *Rossi v Arnot Ogden Med. Ctr.,* 268 AD2d 916, 917 [2000], *lv denied* 95 NY2d 751 [2000]). We conclude that, although the affirmation of plaintiffs' expert raises a triable issue of fact concerning a departure from accepted practice, the affirmation is merely conclusory with respect to the issue of proximate cause and thus is insufficient to defeat the motion insofar as it seeks summary judgment dismissing the complaint against defendant (*see Selmensberger v Kaleida Health,* 45 AD3d 1435, 1436 [2007]; *Rebozo v Wilen,* 41 AD3d 457, 459 [2007]; *Mosezhnik,* 33 AD3d at 897).

All concur except Green and Gorski, JJ., who dissent and vote to affirm in the following memorandum.

Green and Gorski, JJ. (dissenting). We respectfully dissent, and would affirm. We agree with the majority that the affidavit of Blaze Sekovski, M.D. (defendant) was sufficient to establish that his administration of the stress test to Timothy D. O'Shea (plaintiff) was consistent with the applicable standard of care. Plaintiffs, however, do not dispute that defendant's administration of the test and interpretation of the result were consistent with the applicable standard of care. Rather, plaintiffs allege that defendant was negligent in making an incorrect diagnosis and giving erroneous advice to plaintiff. Plaintiffs further allege that it was foreseeable that plaintiff would, and did in fact, rely on defendant's advice and that, as a result, the correct diagnosis of plaintiff's cancerous brain tumor was delayed (*see generally Heller v Peekskill Community Hosp.,* 198 AD2d 265, 266 [1993]; *Hickey v Travelers Ins. Co.,* 158 AD2d 112, 115 [1990]). Defendants' motion for summary judgment dismissing the complaint thus was properly denied insofar as it sought summary judgment dismissing the complaint against defendant because defendants' submissions fail even to address those allegations (*see generally Moreira v City of New York,* 4 AD3d 311 [2004]). We note in particular that, with respect to the issue whether the delay in diagnosis caused injury to plaintiff, defendants failed to meet their initial burden of establishing

their entitlement to judgment as a matter of law (*see Schaub v Cooper*, 34 AD3d 268, 271 [2006]). We thus need not consider the sufficiency of plaintiffs' opposing papers with respect to that issue (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.