██ JENNIFER PIGUT, as Administrator of the Estate of LAWRENCE D. McLELLAN, SR., Deceased, Respondent, v DANIEL A. LEARY, M.D., et al., Defendants, and ABBOTT ANESTHESIOLOGIST ASSOCIATES, P.C., et al., Appellants. [881 NYS2d 755]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered October 10, 2008. The order, insofar as appealed from, denied in part the motion of, inter alia, defendants Abbott Anesthesiologist Associates, P.C. and Gregory V. Tobias, M.D. for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint against defendants Abbott Anesthesiologist Associates, P.C. and Gregory V. Tobias, M.D. is dismissed.

Memorandum: Supreme Court erred in denying those parts of the motion of, inter alia, Abbott Anesthesiologist Associates,

P.C. and Gregory V. Tobias, M.D. (defendants) for summary judgment dismissing the complaint against them in this medical malpractice action seeking damages for the wrongful death of plaintiff's decedent. Defendants met their initial burden by submitting the affidavit of an expert who stated that Tobias, in performing his professional function of intubating decedent at the request of the physician supervising decedent's care, did not depart from the accepted standard of care (*see Lake v Kaleida Health,* 59 AD3d 966 [2009]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The affidavit of plaintiff's expert submitted in opposition to the motion is conclusory and fails to raise a triable issue of fact (*see generally Bowman v Chasky,* 30 AD3d 552 [2006]). "Under these circumstances—i.e., where [decedent] was under the care of a different physician, [Tobias] was consulted to [intubate decedent]. . . and no evidence has been submitted that . . . [decedent's post-operative acidosis and hypotension] had gone uninvestigated or untreated—[Tobias] had no duty to scan [decedent's] chart for irregularities outside the scope of that treatment or to act upon them" (*Dombroski v Samaritan Hosp.,* 47 AD3d 80, 86 [2007]). In any event, the affidavit of plaintiff's expert fails to establish that the alleged departures from accepted standards of care by Tobias were a proximate cause of injury to or the death of decedent (*see Mosezhnik v Berenstein,* 33 AD3d 895, 896 [2006]; *Bowman,* 30 AD3d 552 [2006]; *see also Selmensberger v Kaleida Health,* 45 AD3d 1435 [2007]). We therefore reverse the order insofar as appealed from, grant the motion in its entirety and dismiss the complaint against defendants. Present—Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.