SECOND DEPARTMENT, MARCH, 2010

(March 2, 2010)

■ JULIUS AJIFOWOBAJE, Appellant, v ASTRAMED PHYSICIANS, P.C., et al., Respondents, and MERCY MEDICAL CENTER, Defendant/Third-Party Plaintiff-Respondent, et al., Defendants. ABDUL MUNDIA, Third-Party Defendant-Respondent. [896 NYS2d 140]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals, as limited by his brief, from (1) a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated May 27, 2008, which, upon an order of the same court dated April 24, 2008, granting the motion of the defendants Astramed Physicians, P.C., and Kevin L. Lowe, the separate motion of the defendant/third-party plaintiff Mercy Medical Center, the separate motion of the defendant Rodney Lawrence, and the separate motion of the defendant Ahmed Elkoulily for summary judgment dismissing the complaint insofar as asserted against each of them and the separate motion of the third-party defendant Abdul Mundia for summary judgment dismissing "all claims" and the third-party complaint insofar as asserted against him, is in favor of those defendants and third-party defendant, and (2) from an order of the same court dated November 17, 2008, which denied his motion for leave to renew and reargue his opposition to the motions.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (*see Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929 [2008]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

On August 6, 2003, the plaintiff's decedent, suffering from various complaints including abdominal pain, presented to the offices of the respondent Astramed Physicians, P.C., owned by the respondent Kevin L. Lowe, M.D., for treatment and was examined by the respondent Rodney Lawrence, a physician's assistant, who prescribed various stomach medications. On August 7, 2003, the decedent presented to the emergency room at the respondent Mercy Medical Center (hereinafter MMC) with the same complaints; she was admitted at around midnight. On the morning of August 8, 2003, upon reviewing certain abnormal blood test results, the respondent Ahmed Elkoulily, M.D., the decedent's attending physician, consulted with the third-party defendant-respondent Abdul Mundia, M.D., a hematologist. Blood transfusions were ordered, as were additional blood tests. By the morning of August 9, 2003, however, the decedent's condition got worse; she became unresponsive, and died a few hours later. The decedent's husband, individually and as the administrator of her estate, commenced this action against the

various respondents and others to recover damages for medical malpractice and wrongful death based upon the respondents' alleged failure to timely diagnose and treat a rare blood disorder known as thrombotic thrombocytopenic purpura (hereinafter TTP). At the close of discovery, the Supreme Court granted the respondents' various motions for summary judgment, and judgment was entered dismissing the complaint and third-party complaint insofar as asserted against them. The Supreme Court, thereafter, inter alia, denied that branch of the plaintiff's motion which was for leave to renew his opposition to the motions.

The Supreme Court properly held that each respondent established his or its prima facie entitlement to judgment as a matter of law by submitting expert or other evidence demonstrating either that there were no departures from good and accepted medical practice in the diagnosis and treatment of the decedent, or that, in any event, any alleged departure was not a proximate cause of the decedent's injuries and death (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Rebozo v Wilen*, 41 AD3d 457, 459 [2007]). In opposition, the plaintiff's expert submissions failed to raise a triable issue of fact (see *Murray v Hirsch*, 58 AD3d 701 [2009]; *Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]).

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew, as the plaintiff failed to offer a reasonable justification for the failure to present the new evidence in opposition to the respondents' original motions for summary judgment (see CPLR 2221 [e]; *Burgos v Rateb*, 64 AD3d 530 [2009]). In any event, the evidence which the plaintiff sought to submit upon renewal remained insufficient to raise a triable issue of fact as to whether a departure from good and accepted medical practice, by any of the respondents, was a proximate cause of the decedent's injuries and death (see *Murray v Hirsh*, 58 AD3d at 703; *Wager v Hainline*, 29 AD3d 569, 571-572 [2006]). Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur. **[Prior Case History: 2008 NY Slip Op 31611(U).]**