■ MORGAN L. CHIPLEY, Individually and as Mother and Natural Guardian of KADIN A. BROWN, an Infant, Appellant, v GRANT W. STEPHENSON, M.D., Individually and Doing Business as DR. GRANT W. STEPHENSON FAMILY MEDICINE, et al., Respondents. [900 NYS2d 538]—

Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered November 25, 2008 in a medical malpractice action. The order granted defendants' motions for summary judgment.

It is hereby ordered that the order so appealed from is modified on the law by denying the motions of defendants Grant W. Stephenson, M.D., individually and doing business as Dr. Grant W. Stephenson Family Medicine, and Richard J. DeFranco, M.D., individually and doing business as G&P Gyne Care and/or G&P Gyne Care, Inc., and reinstating the complaint against them and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action, individually and on behalf of her son, seeking damages for injuries sustained when plaintiff gave birth to her son. We agree with plaintiff that Supreme Court erred in granting the motions of defendants Grant W. Stephenson, M.D., individually and doing business as Dr. Grant W. Stephenson Family Medicine,

and Richard J. DeFranco, M.D., individually and doing business as G&P Gynecare, P.C., incorrectly sued as G&P Gyne Care and/or G&P Gyne Care, Inc., for summary judgment dismissing the complaint against them, and we thus modify the order accordingly. Although those defendants met their initial burden of establishing their entitlement to judgment as a matter of law, we conclude that the affidavit of plaintiff's expert submitted in opposition to the respective motions raised triable issues of fact sufficient to defeat the motions (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We reject Stephenson's contention, as an alternative ground for affirmance (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]; *Cataract Metal Finishing, Inc. v City of Niagara Falls*, 31 AD3d 1129, 1130 [2006]), that plaintiff's expert was not qualified to render an opinion with respect to Stephenson's treatment of plaintiff and her son (*cf. Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]). Indeed, plaintiff's expert had 40 years of experience in the field of obstetrics and gynecology and was affiliated with the hospital where the delivery occurred for the purpose of consulting on problematic cases in that field. We also reject the contention of DeFranco, as an alternative ground for affirmance, that the court abused its discretion in considering plaintiff's opposing papers (*cf. Mosheyeva v Distefano*, 288 AD2d 448 [2001]). Although we agree with DeFranco that plaintiff's expert relied on facts not in evidence at one point in his affirmation, we conclude that the remainder of that affirmation was properly based on the facts in evidence. We thus conclude that the opinion of plaintiff's expert that the injuries sustained by plaintiff and her son " 'were caused by a deviation from relevant industry standards . . . preclude[s] a grant of summary judgment in favor of [DeFranco]' " (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *see Tuorto v Jadali*, 62 AD3d 784 [2009]; *see also Cooper v St. Vincent's Hosp. of N.Y.*, 290 AD2d 358 [2002]). Contrary to DeFranco's further contention, plaintiff's bill of particulars in response to the demand by DeFranco was not insufficient inasmuch as it provided the requisite general statement " 'of the acts or omissions constituting the negligence claimed' " (*Stidham v Clerk*, 57 AD3d 1369, 1369 [2008]).

We reject, however, plaintiff's contention that the court erred in granting that part of the motion of defendant Westfield Memorial Hospital, Inc. (WMH) for summary judgment dismissing the claim that it violated the Emergency Medical Treatment and Active Labor Act (EMTALA) (42 USC § 1395dd). Even assuming, arguendo, that the EMTALA claim was properly pleaded, we agree with the court that it is time-barred inasmuch

as the action was commenced approximately two years and six months after the EMTALA claim accrued (*see* 42 USC § 1395dd [d] [2] [C]). Contrary to plaintiff's further contention, the toll for infancy does not apply to extend the statute of limitations with respect to that claim (*see Vogel v Linde*, 23 F3d 78, 80 [1994]). In any event, the EMTALA claim is without merit because the record contains no evidence of disparate treatment of plaintiff by WMH (*see generally Lidge v Niagara Falls Mem. Med. Ctr.* [appeal No. 2], 17 AD3d 1033, 1035 [2005]).

Finally, we note that plaintiff does not contend that the court erred in granting those parts of the motion for summary judgment dismissing the negligence and breach of contract causes of action against WMH, and she therefore has abandoned any issues concerning those causes of action (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

All concur except Smith, J.P., who dissents in part and votes to affirm in the following memorandum.

Smith, J.P. (dissenting in part). I respectfully disagree with the majority's conclusion that plaintiff raised triable issues of fact in opposition to the motions of the Stephenson and DeFranco defendants (collectively, defendants) for summary judgment dismissing the complaint against them. I therefore dissent in part and would affirm the order.

In support of their motion, defendants had the initial "burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff [and her son were] not injured thereby" (*Murray v Hirsch*, 58 AD3d 701, 702 [2009], *lv denied* 12 NY3d 709 [2009]; *see O'Shea v Buffalo Med. Group, P.C.*, 64 AD3d 1140 [2009], *appeal dismissed* 13 NY3d 834 [2009]). As plaintiff correctly concedes, they met that burden, whereupon "[t]he burden then shifted to plaintiff[ ] to raise triable issues of fact by submitting a physician's affidavit [or affirmation] both attesting to a departure from accepted practice and containing the attesting [physician's] opinion that the defendant[s'] omissions or departures were a competent producing cause of the injur[ies]" (*O'Shea*, 64 AD3d at 1141 [internal quotation marks omitted]). Contrary to the contention of plaintiff, she failed to raise the requisite triable issues of fact by submitting her expert's affirmation in opposition to defendants' motions.

The affirmation of plaintiff's expert identified several alleged failures of defendants, including their failure to order an amniocentesis, to have a "backup" plan for plaintiff's cesarean section, and to advise plaintiff to go immediately to another hospital when she went into labor. The expert failed, however,

to identify a standard of care requiring that such steps be taken or to indicate that the failure to take such steps was a departure from accepted practice. Where, as here, "the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation . . . , the opinion should be given no probative force and is insufficient to withstand summary judgment" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *see Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [2006]). In any event, even assuming, arguendo, that the affirmation established that defendants' treatment constituted a departure from accepted practice, I conclude that plaintiff failed to raise a triable issue of fact sufficient to defeat the motions because her expert did not ultimately conclude that defendants' omissions or departures were a proximate cause of the injuries sustained by plaintiff and her son (*see Pigut v Leary*, 64 AD3d 1182 [2009]; *Murray v Hirsch*, 58 AD3d 701, 703 [2009]; *Mosezhnik v Berenstein*, 33 AD3d 895, 897 [2006]; *cf. Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436 [2007]). Present—Smith, J.P., Centra, Fahey and Pine, JJ.