**Rader v Hu**

2024 NY Slip Op 32834(U)

August 12, 2024

Supreme Court, New York County

Docket Number: Index No. 805383/2020

Judge: Judith N. McMahon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JUDITH N. MCMAHON**      PART        **30M**

                                                                  *Justice*

------------------------------------------------------------------X

ROBIN RADER,

                              Plaintiff,

                    - v -

JIM HU, PETER CAI, RAMY GOUELI, CAROLINE
GREENE, ABO PINKHASOV, QUINCY NANG, SVETLANA
TOVT, AMANDA BADO, LEFRAK CENTER FOR ROBOTIC
SURGERY, WEILL CORNELL MEDICINE, NEW YORK
PRESBYTERIAN HOSPITAL

                            Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805383/2020 |
| MOTION DATE | 07/25/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62

were read on this motion to/for                 JUDGMENT - SUMMARY         .

Upon the foregoing documents, the motion for summary judgment of the defendants Jim Chi-Chih Hu ("Dr. Hu"), Peter Cai ("Dr. Cai"), Ramy Goueli ("Dr. Goueli"), Quincy Nang ("Dr. Nang"), Svetlana Tovt ("PA Tovt"), Amanda Bado ("RN Bado"), Cornell University s/h/a Weill Cornell Medicine ("Cornell"), and The New York and Presbyterian Hospital s/h/a Lefrak Center for Robotic Surgery and New York Presbyterian Hospital ("NYPH"), is granted to the extent that the complaint is severed and dismissed as against the defendants Dr. Cai, and PA Tovt. Plaintiff's "Second" cause of action for lack of informed consent is severed and dismissed as unopposed, together with all of plaintiff's claims regarding treatment rendered during decedent's first hospitalization of December 7, 2018, to December 9, 2018. The balance of the motion is denied. NYPH remains a defendant in this case as vicariously liable for the alleged negligent conduct of its employees Dr. Goueli, Dr. Nang, and RN Bado.

805383/2020   RADER, ROBIN vs. HU, JIM CHI-CHIH
Motion No. 001

Page 1 of 7

[* 1]

This medical malpractice action arises out of the alleged negligent treatment and wrongful death of plaintiff's decedent, the 69-year-old Alan Rader, who expired from sepsis on December 13, 2018, six days after undergoing a prostatectomy and partial nephrectomy performed by urologist, Dr. Hu, at NYPH.

It is undisputed that Mr. Rader was hospitalized twice at NYPH: first, between December 7, 2018, and December 9, 2018, following the unremarkable robotic removal of his cancerous prostate, and second, between December 10, 2018, and December 13, 2018, when he returned to the emergency department due to severe abdominal pain. Plaintiff alleges, *inter alia,* that the defendants departed from the standards of good and accepted medical practice by failing to render treatment[1] to Mr. Rader when he began to decompensate and become septic on December 12, 2018, (as evidenced by change in appearance, rising creatinine levels, elevated drain [urine] output, tachycardia, tachypnea, and rising white blood cell count which had tripled in under 24 hours) and that these departures resulted in his premature death in the late morning of December 13, 2018.

Defendants move for judgment dismissing the complaint on the grounds that their care and treatment adhered to the applicable standard of care at all times, and that their conduct was not a proximate cause of decedent's injury and death, as evidenced by the autopsy findings[2] which showed no infection or fluid collection in Mr. Rader's renal or genitourinary system, nor evidence of any breakdown of the anastomosis which could have led to leaking of urine from the bladder into the abdomen. Plaintiff opposes the motion.

---

[1]     Plaintiff claims, among other things, that defendants failed to immediately start IV antibiotics upon discovery of his dislodged JP/Blake drain on the evening of December 12th and permitted his Foley catheter to become colonized with bacteria.

[2]     The final autopsy report reflects "Cause of Death" as "Bacteremia (Klebsiella pneumonia) in a patient with acute necrotizing gastritis and acute multi-lobar bronchopneumonia" (*see* NYSCEF Doc. No. 55, p. 694).

**805383/2020   RADER, ROBIN vs. HU, JIM CHI-CHIH**
**Motion No. 001**

[* 2]

To prevail on a motion for summary judgment, the proponent must make *prima facie* showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*see Klein v. City of New York,* 89 NY2d 833 [1996]; *Ayotte v. Gervasio,* 81 NY2d 1062 [1993]; *Alvarez v. Prospect Hospital,* 68 NY2d 320 [1986]). "Since summary judgment is the equivalent of a trial, it has been a cornerstone of New York jurisprudence that the proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Ostrov v. Rozbruch,* 91 AD3d 147 [1st Dept. 2012]).

In support of their motion defendants submit the expert affirmations of a urological surgeon, William Huang, M.D. (*see* NYSCEF Doc. No. 37), an infectious disease physician, David Hirschwerk, M.D. (*see* NYSCEF Doc. No. 38), a radiologist, Michael Sadler, M.D. (*see* NYSCEF Doc. No. 39), and NYPH's attending pathologist, Alain C. Borczuk, M.D. (*see* NYSCEF Doc. No. 40). The experts concur to a reasonable degree of medical certainty that the treatment and care rendered to plaintiff's decedent during his second hospitalization, and specifically on December 12, 2018, and December 13, 2018, was always appropriate and within good and accepted standards of care. Dr. Huang opines that the defendants acted appropriately by removing the dislodged JP drain on the evening of December 12th (and not immediately replacing it)[3], since the Foley catheter was adequately draining urine, and further, there was no indication to administer prophylactic antibiotics upon discovery of the dislodged drain, since decedent was afebrile and had no clinical findings consistent with infection. According to Dr. Huang, the repeated delay in administering the "lifesaving" CT scan did not have any bearing

---

[3] Interventional radiology would have had to replace the JP drain.

805383/2020  RADER, ROBIN vs. HU, JIM CHI-CHIH  Page 3 of 7
Motion No. 001

3 of 7

whatsoever on decedent's outcome. Dr. Hirschwerk found no reason to continue Mr. Rader on the antibiotics he had been given in the emergency room on December 10, 2018, and no reason to resume antibiotics at any time during the second hospital admission, since decedent had decedent no indication of pneumonia or infection (*see* NYSCEF Doc. No. 38, para. 62). The infectious disease expert concludes that administration of antibiotics on December 13th would not have reversed sepsis rapidly enough to prevent decedent's arrest (*id.,* para. 66).

The affirmations of defendants' experts were sufficient to meet defendants' *prima facie* burden of establishing the absence of a departure from good and accepted medical practice, or that any such departure was not a proximate cause of plaintiff's alleged injuries (*Einach v. Lenox Hill Hosp.,* 160 AD3d 443 [1st Dept. 2018]). "An expert's opinion must be based on facts in the record or personally known to the witness, and in the absence of such record support, an expert's opinion is without probative force" (*Pascocello v. Jibone,* 161 AD3d 516 at 516 [1st Dept. 2018]; [*internal citations omitted*]).

"Where a defendant makes a *prima facie* case of entitlement to summary judgment dismissing a medical malpractice action by submitting the affirmation from a medical expert establishing that the treatment provided to the injured plaintiff comported with good and accepted practice, the burden shifts to the plaintiff to present evidence in admissible form that demonstrates the existence of a triable issue of fact" (*Bartolacci-Meir v. Sassoon,* 149 AD3d 567, 570 [1st Dept. 2017]; see *also DeCintio v. Lawrence Hosp.,* 25 AD3d 320 [1st Dept. 2006]; *Ducasse v. New York City Health & Hosps. Corp.,* 148 AD3d 434 [1st Dept. 2017]; *Zuckerman v. City of New York,* 49 NY2d 557 [1980]).

In opposition to the motion, plaintiff submits the expert affirmations of a urologist (*see* NYSCEF Doc. No. 59) and infectious disease physician (*see* NYSCEF Doc. No. 60), who opine

**805383/2020  RADER, ROBIN vs. HU, JIM CHI-CHIH**
**Motion No.  001**

**Page 4 of 7**

[* 4]

4 of 7

to a reasonable degree of medical certainty that the defendants' departures from good and accepted medical practice were a proximate cause of decedent's injuries and death. Specifically, plaintiff's urologist finds that Dr. Hu and the urology service departed from the standard of care by: (1) failing to immediately **confirm** whether there was fluid collection in decedent's abdomen as a result of the dislodged JP drain: ["there were numerous signs pointing to a clear urine leak" which allowed urine to accumulate in the abdomen and cause infection"] (*see* NYSCEF Doc. No. 59, para. 33); (2) failing to even order a CT scan of the abdomen/pelvis to confirm whether there was fluid collection, until six hours after urology knew that the drain was dislodged; (3) failing to promptly replace the JP drain; (4) failing to start Mr. Rader on empiric antibiotics from December 12[th] when he began to deteriorate (*i.e.*, elevated heart rate for over 24 hours, rapid shallow breathing, elevated creatinine of 1.39, doubling of white blood cell count to 11.2), up to the time of his death; (5) failing to perform the CT scans ordered on the evening of December 12th ; (6) failing to place the IV-line to perform the "lifesaving" CT scan, and (7) failing to perform an abdominal/pelvis CT scan **without contrast** to rule out a fluid collection.

Plaintiff's infectious disease expert is emphatic that there is a "substantial likelihood that Mr. Rader would have been salvaged had he been timely administered broad-spectrum IV antibiotics to treat sepsis on December 12 or the morning of December 13, 2018" (*see* NYSCEF Doc. No. 60, para. 3), and entirely disagrees with Dr. Hirschwerk's opinion that administering antibiotics on December 13th would not have reversed the sepsis rapidly enough to prevent arrest. According to plaintiff's expert, since decedent was hemodynamically stable, not in septic shock, was unassisted with breathing and of normal mentation, he was "sufficiently stable to have likely survived sepsis if administered timely and proper antibiotic treatment" (*id.*, para. 27).

**805383/2020   RADER, ROBIN vs. HU, JIM CHI-CHIH**
**Motion No. 001**

Page 5 of 7

5 of 7

[* 5]

The drastic remedy of summary judgment, which deprives a party of his day in court, should not be granted where there is any doubt as to the existence of triable issues or the issue is even 'arguable'" (*DeParis v. Women's Nat. Republican Club, Inc.*, 148 AD3d 401 [1st Dept. 2017]; [internal citations omitted]). Here, the affirmations of plaintiff's experts raise questions of fact sufficient to defeat summary judgment (*see Hendricks v. Transcare New York, Inc.*, 158 AD3d 477, 478 [1st Dept. 2018]). "It is not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v. American Lung Assn.*, 90 NY2d 623, 631 [1997]).

As such, the defendants' motion for summary judgment is granted in part and denied in part as indicated herein.

The Court has considered defendants' remaining arguments and finds them unavailing. Accordingly, it is

ORDERED that the motion for summary judgment of the defendants is granted to the extent that plaintiff's complaint and all cross claims are severed and dismissed as to the defendants Peter Cai and Svetlana Tovt; and it is further

ORDERED that plaintiff's "Second" cause of action for lack of informed consent is severed and dismissed; and it is further

ORDERED that all of plaintiff's claims regarding care and treatment during the December 7, 2018, through December 9, 2018 hospitalization are severed and dismissed; and it is further

ORDERED that the balance of defendants' motion is denied; and it is further

805383/2020  RADER, ROBIN vs. HU, JIM CHI-CHIH
Motion No. 001

Page 6 of 7

[* 6]

6 of 7

ORDERED that the Clerk enter judgment in favor of the defendants Peter Cai and Svetlana Tovt dismissing the complaint and severing plaintiff's "Second" cause of action; and it is further

ORDERED that the parties shall appear for a virtual pre-trial conference via Microsoft Teams on **October 28, 2024, at 11:00 a.m.**

| 8/12/2024 | | | |
|---|---|---|---|
| DATE | | HON. JUDITH N. MCMAHON | |

CHECK ONE:    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☐ DENIED    ☒ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

Hon. Judith N. McMahon
J.S.C.

805383/2020   RADER, ROBIN vs. HU, JIM CHI-CHIH     Page 7 of 7
Motion No. 001

7 of 7