| |
|---|
| **Vergara v Fligr** |
| 2025 NY Slip Op 31619(U) |
| May 5, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 452780/2021 |
| Judge: Judith N. McMahon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JUDITH N. MCMAHON**

*Justice*

-------------------------------------------------------------------X

MICHAEL VERGARA,

Plaintiff,

- v -

JENNIFER FLIGR, CHRISTOPHER NIQUETTE, NEW
YORK CITY HEALTH AND HOSPITALS CORPORATION

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| PART | 30M |
| INDEX NO. | 452780/2021 |
| MOTION DATE | 04/29/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, it is ordered that defendants' motion for summary

judgment is granted to the extent that the following allegations made by plaintiff and contained

in his Verified Bill of Particulars (*see* NYSCEF Doc. No. 70) are hereby dismissed: (1) other

"culpable conduct" by defendants; (2) additional interrogatories related to 8 NYCRR §29.2(a)

(3,5) and Education Law §6530 (*id.*, pp 1-2), and (3) injury to teeth #14 and #21. The balance

of the motion is denied. Plaintiff's cross motion was not considered by the Court as it is

untimely, and plaintiff failed to obtain court approval for added time as per Part Rules. Further,

any allegation by plaintiff as to experimental treatment in relation to informed consent is hereby

dismissed for failing to allege any such theory prior to the making of this motion (*see, e.g.,*

*Sacino v. Warwick Valley Cent. School Dist.*, 138 AD3d 717 [2d Dept. 2016]).

This dental malpractice action concerns root canal care and treatment rendered to plaintiff

for his lower left molar, **tooth #20,** between **April 4, 2018, and May 23, 2018.**

[* 1]

It is undisputed that the defendant dentist, Dr. Fligr, first began treating tooth #20 on April 4, 2018, at which time she performed a pulpectomy (removal of pulp/infection from the crown and roots of the decayed tooth). No x-rays were taken during the April 4th visit, and plaintiff's most recent x-ray was seven months earlier. Dr. Fligr prescribed antibiotics, and a second appointment for "part two" of the root canal was scheduled for May 21, 2018.

On May 21st, Dr. Fligr placed a flexible, rubbery dental material (gutta-percha) and sealed tooth #20 with temporary dental filling to fill the empty canal where the nerve was. Plaintiff suffered a micro-perforation[1] of tooth #20, which was not apparent clinically or on any x-rays taken on May 21, 2018.

On May 23, 2018, plaintiff returned to defendants' office with complaints of pain. The micro-perforation was recognized, and plaintiff was offered a bone graft and apicoectomy (removal of the tooth's root and surrounding tissue), with the intention that a crown would ultimately be placed to cover the perforation, and the tooth might be salvaged. However, plaintiff never returned for the final step of the process, and tooth #20 was ultimately extracted two months later by another doctor.

Defendants move for judgment dismissing the complaint on the grounds that the care and treatment provided by NYCHH/Metropolitan and Dr. Fligr complied in all respects with the standards of good and accepted dental practice, and that none of the defendants' alleged departures or acts of omission were a proximate cause of plaintiff's alleged injures. Plaintiff opposes the motion.

To prevail on a motion for summary judgment, the proponent must make *prima facie* showing of entitlement to judgment as a matter of law, through admissible evidence

---

[1] According to defendant's expert, tooth perforation is a known risk of the root canal procedure.

452780/2021  VERGARA, MICHAEL vs. FLIGR, JENNIFER ET AL                    Page 2 of 6
Motion No.  004

[* 2]

demonstrating the absence of any material issue of fact (*see Klein v., City of New York*, 89 NY2d 833 (1996); *Ayotte v. Gervasio*, 81 NY2d 1062 (1993); *Alvarez v. Prospect Hospital*, 68 NY2d 320 (1986).

"Since summary judgment is the equivalent of a trial, it has been a cornerstone of New York jurisprudence that the proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Ostrov v. Rozbruch*, 91 AD3d 147 [1st Dept. 2012]).

In support of the motion, defendants submit an expert affirmation from a dentist, Stanley C. Heifetz, D.M.D. (*see* NYSCEF Doc. No. 160), who emphasizes that "failed conservative treatment is not an indication of negligence" (*id.*, para. 17) and opines, specifically, that (1) proceeding with root canal was an acceptable form of treatment for plaintiff's abscess in tooth #20; (2) there is no evidence that any aspect of the root canal was negligently performed; (3) Dr. Fligr properly performed a pulpectomy on 4/4/18 to remove the nerves within the tooth and to address infection; (4) antibiotics were appropriately prescribed to address the infection and inhibit progression of further infection; (5) Dr. Fligr properly performed further root canal treatment on May 21, 2018 by placing the flexible rubbery dental material (gutta-percha); (6) Dr. Fligr properly obtained multiple x-rays during and after the May 21st treatment; (7) there is no evidence that plaintiff left with a perforation on May 21st and if he did, it was not visible on either exam or x-ray and does not raise to the level of malpractice because it is an accepted risk of the procedure; (8) the tooth perforation was timely recognized and addressed when plaintiff returned in pain on May 23, 2018; (9) plaintiff was appropriately offered a bone graft and apicoectomy after refusing the tooth extraction, and failed to return for crown restoration to complete the last step of root canal treatment, and (10) "any claim that defendants failed to

452780/2021 VERGARA, MICHAEL vs. FLIGR, JENNIFER ET AL Page 3 of 6
Motion No. 004

3 of 6

[* 3]

properly obtain informed consent is without merit because the records and testimony demonstrate that plaintiff was advised of all the appropriate and foreseeable risks, benefits and alternatives to the procedure and defendants obtained a valid informed consent from plaintiff notwithstanding the absence of a written document.

"The affirmation of defendants' expert was sufficient to meet defendants' *prima facie* burden of establishing the absence of a departure from good and accepted medical practice, or that any such departure was not a proximate cause of Mr. Vergara's alleged injuries (*Einach v. Lenox Hill Hosp.*, 160 AD3d 443 [1st Dept. 2018]).

"Where a defendant makes *a prima facie* case of entitlement to summary judgment dismissing a [dental] malpractice action by submitting an affirmation from a medical expert establishing that the treatment provided to the injured plaintiff comported with good and accepted practice the burden shifts to the plaintiff to present evidence in admissible form that demonstrates the existence of a triable issue of fact" (*Bartolacci-Meir v. Sassoon*, 149 AD3d 567 [1st Dept. 2017]; *see also DeCintio v. Lawrence Hosp*, 25 AD3d 320 [1st Dept. 2006]; *Ducasse v. New York City Health & Hosps. Corp.*, 148 AD3d 434 [1st Dept. 2017]; *Zuckerman v. City of New York*, 49 NY2d 557 (1980).

In opposition to the motion, plaintiff submits the affirmation of Chanelle Small, DDS (*see* NYSCEF Doc. Nos. 180) who opines, among other things, that "it was a departure from accepted professional practice to begin any part of an endodontic treatment to tooth #20 on 4/4/18 without employing procedure radiographs in the treatment" (*i.e.,* "you cannot undertake an endodontic procedure without timely pre-procedure films" (*id.*, para 24) and further, that the absence of a note in the chart or consent form executed by plaintiff on **any date** for an

452780/2021   VERGARA, MICHAEL vs. FLIGR, JENNIFER ET AL                    Page 4 of 6
Motion No.  004

4 of 6

[* 4]

endodontic procedure was a departure from the standard of care (*id.*, para. 67). Also noted by Dr. Small is the absence of a note indicating disclosure to plaintiff that Dr. Fligr was a general dentist and not an endodontist, and that an endodontist would be made available to plaintiff should he desire a consultation. Plaintiff's expert is unwavering that "the loss of tooth #20 was directly caused by the endodontic treatment technique errors and failed procedures by Dr. Fligr" and that "the tooth was viable and restorable" (*id.*, para 70).

Dr. Small's affirmation raises clear questions of fact sufficient to defeat summary judgment, including whether defendant complied with the standard of care in undertaking treatment of tooth #20 without first obtaining x-rays on April 4, 2018, and whether plaintiff was properly consented for root canal of tooth #20. "The medical experts' conflicting opinions…raise issues of fact that must be resolved at trial" (*Hendricks v. Transcare New York, Inc.*, 158 AD3d 477 [1st Dept. 2018]), and accordingly, summary judgment dismissing plaintiff's complaint in its entirety must be denied.

Accordingly, it is

ORDERED that all of plaintiff's allegations as to defendants' culpable conduct, additional interrogatories related to 8 NYCRR §29.2(a) (3,5) and Education Law §6350 are severed and dismissed; and it is further

ORDERED that all allegations of injury to tooth #14 and tooth #21 are severed and dismissed; and it is further

ORDERED that all references by plaintiff to experimental treatment in relation to failure to obtain his informed consent are severed and dismissed; and it is further

ORDERED that the balance of the motion for summary judgment is denied; and it is further

452780/2021   VERGARA, MICHAEL vs. FLIGR, JENNIFER ET AL                     Page 5 of 6
Motion No.  004

5 of 6

[* 5]

ORDERED that all further requests for relief are denied; and it is further

ORDERED that the parties appear in person, on June 26, 2025, in Part 40 at 60 Center

Street, New York, New York, to select a trial date.

This is the Decision and Order of the court.

| __5/5/2025__ | | | | |
|---|---|---|---|---|
| **DATE** | | | JUDITH N. MCMAHON, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

Hon. Judith N. McMahon
J.S.C.

[* 6]