Miller v McGrath (2026 NY Slip Op 00707)

Miller v McGrath

2026 NY Slip Op 00707

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

859 CA 24-01872

[*1]DARLENE MILLER AND JAMES MILLER, PLAINTIFFS-APPELLANTS,
vJOHN ROSS MCGRATH, M.D., KALEIDA HEALTH, INC., BUFFALO GENERAL MEDICAL CENTER, GATES VASCULAR INSTITUTE, WNY RADIOLOGY ASSOCIATES, LLC, CARLA A. FREDERICK, M.D., AND UBMD INTERNAL MEDICINE, DEFENDANTS-RESPONDENTS. 

GOLDSTEIN GRECO, P.C., BUFFALO (BRIAN A. GOLDSTEIN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
THE TARANTINO LAW FIRM, LLP, BUFFALO (MARYLOU K. ROSHIA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS JOHN ROSS MCGRATH, M.D. AND WNY RADIOLOGY ASSOCIATES, LLC. 
EAGAN & HEIMER, PLLC, BUFFALO (NEAL A. JOHNSON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS CARLA A. FREDERICK, M.D. AND UBMD INTERNAL MEDICINE. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered October 24, 2024. The order granted in part the motions of defendants for summary judgment dismissing the complaint and any cross-claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion of defendants John Ross McGrath, M.D., and WNY Radiology Associates, LLC, with respect to claims based on allegations that John Ross McGrath, M.D., performed the bronchial artery embolization procedure without first having the data that a completed bronchoscopy would have provided him, failed to ensure that the bronchial artery embolization procedure was medically indicated, and failed to timely issue a post-procedure note and reinstating those claims against John Ross McGrath, M.D., and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this negligence and medical malpractice action to recover damages for injuries sustained by Darlene Miller (plaintiff) in the course of a bronchial artery embolization (BAE) procedure. Plaintiff presented to defendant Buffalo General Medical Center (Buffalo General) complaining that she was coughing up blood. Defendant Carla A. Frederick, M.D., a pulmonologist employed by defendant UBMD Internal Medicine (UBMD), consulted on plaintiff's care. Frederick scheduled a bronchoscopy to locate the source of plaintiff's bleeding, but plaintiff's condition apparently improved and she was discharged without undergoing the bronchoscopy. Plaintiff returned to Buffalo General the next day after her condition worsened, and Frederick advocated for an urgent BAE procedure. Defendant John Ross McGrath, M.D., an interventional radiologist and employee of defendant WNY Radiology Associates, LLC (WNYRA), performed the BAE procedure. During or following that procedure, plaintiff suffered a spinal stroke resulting in significant injuries. No bronchoscopy was performed before the BAE procedure. McGrath left the hospital immediately after the BAE procedure concluded and had not yet written a post-surgical note by the time that plaintiff's condition precipitously worsened.
McGrath and WNYRA (collectively, WNYRA defendants) moved for summary [*2]judgment dismissing the complaint and any cross-claims against them, as did Frederick and UBMD (collectively, UBMD defendants). Plaintiffs now appeal from an order that, inter alia, granted those motions in part.
As an initial matter, plaintiffs' counsel consented to the dismissal of plaintiffs' claims that McGrath deviated from the standard of care by his failure to perform a bronchoscopy instead of a BAE procedure, his failure to look at imaging without haste, and his failure to obtain informed consent from plaintiff. Inasmuch as no appeal lies from that part of an order entered on consent, those contentions are not properly before this Court (see Matter of Charity M. [Warren M.] [appeal No. 2], 145 AD3d 1615, 1617 [4th Dept 2016]).
We agree with plaintiffs that Supreme Court erred in granting that part of the WNYRA defendants' motion with respect to claims that McGrath performed the BAE procedure without first having the data that a completed bronchoscopy would have provided him, failed to ensure that the BAE procedure was medically indicated, and failed to timely issue a post-procedure note, and we therefore modify the order accordingly. "[A] defendant moving for summary judgment in a medical malpractice action has the [initial] burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]). "[T]he burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact only after the defendant . . . meets the initial burden . . . , and only as to the elements on which the defendant met the prima facie burden" (id. [internal quotation marks omitted]).
Here, the WNYRA defendants met their initial burden on the motion with respect to the issues of deviation from the accepted standard of care and proximate causation through the submission of McGrath's deposition testimony and his expert physician affidavit, which, taken together, were "detailed, specific and factual in nature" and addressed each negligence claim raised in plaintiffs' bill of particulars (Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1469 [4th Dept 2020] [internal quotation marks omitted]). The burden thus shifted to plaintiffs "to raise triable issues of fact by submitting an expert's affidavit both attesting to a departure from the accepted standard of care and that [McGrath's] departure from that standard of care was a proximate cause of the [alleged] injur[ies]" (Ziemendorf v Chi, 207 AD3d 1157, 1157-1158 [4th Dept 2022] [internal quotation marks omitted]; see Bubar, 177 AD3d at 1359).
We conclude that plaintiffs raised triable issues of fact with respect to both deviation from the standard of care and proximate causation relating to certain aspects of McGrath's pre-procedure decision to perform the BAE procedure. Specifically, plaintiffs submitted an expert physician affidavit opining that McGrath deviated from the applicable standard of care by performing the BAE procedure without first having the data that a completed bronchoscopy would have provided and by failing to ensure that the BAE procedure was medically indicated. The expert further opined that McGrath should have known that the BAE procedure was not indicated or medically justified and if not for McGrath's negligence in that regard, the injuries suffered by plaintiff during the procedure would not have resulted. We further conclude that plaintiffs raised triable issues of fact with respect to McGrath's failure to prepare a timely post-procedure note. Plaintiffs' expert opined that McGrath deviated from the applicable standard of care by failing to prepare a timely post-procedure note and that the absence of a timely note hindered and delayed the evaluation of plaintiff's status by those who treated her after the procedure. Thus, with respect to those claims against McGrath, we conclude that plaintiffs' expert affidavit resulted in "a classic battle of the experts that is properly left to a jury for resolution" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019] [internal quotation marks omitted]).
Contrary to plaintiffs' further contentions, we conclude that the court properly granted that part of the UBMD defendants' motion with respect to claims that Frederick failed to coordinate with medical providers prior to the BAE and that she failed to follow up with plaintiff after the procedure. The UBMD defendants met their initial burden through the affirmation of their expert, who averred that it was reasonable and within the standard of care for Frederick to rely on McGrath to determine whether a BAE was appropriate and that, as a consulting provider, Frederick would not have been expected to stay on or take charge of monitoring plaintiff after that procedure. Plaintiffs failed to raise an issue of fact in opposition inasmuch as their expert's opinions were conclusory and failed to explain how the alleged failures were proximate causes of [*3]plaintiff's injuries (see O'Shea v Buffalo Med. Group, P.C., 64 AD3d 1140, 1141 [4th Dept 2009], appeal dismissed 13 NY3d 834 [2009]).
We have considered plaintiffs' remaining contentions and conclude that they are without merit.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court